IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TERRY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND REHABILITATION,<br>et al,<br>　　　　Defendants.<br>_____/ | 1:11-cv-01153-SMS (PC)<br><br>ORDER DENYING MOTION FOR<br>APPOINTMENT OF COUNSEL<br><br>(ECF No. 11) |

I.     Procedural History

On July 26, 2011, Plaintiff filed an opposition to the order denying Plaintiff's motion for appointment of counsel. (ECF No. 9.) The Court construed the opposition as a motion for reconsideration of the order denying appointment of counsel. On August 2, 2011, Plaintiff's motion for reconsideration was denied. (ECF No. 10.) On August 15, 2011, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 11.) Plaintiff requests that the Court appoint counsel or in the alternative authorize a "jailhouse lawyer," inmate Hector L. Picart, to assist Plaintiff without any official restraints or restrictions.

II.    Appointment of Counsel

As Plaintiff has previously been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary

1  assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

2  Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

7  In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Id.

13  III.    Injunctive Relief

14  Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Valley Forge Christian Coll., 454 U.S. at 471; also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).  The Prison Litigation Reform Act also places limitations on injunctive relief.  Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs."

24  The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to the claim that prison officials were deliberately indifferent to his medical needs.  Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S. Ct. 1142, 1148-49 (2009); Steel Co., 523 U.S. at 102-04, 107.  Because the case-or-controversy requirement cannot be met, even if the Court were to find cognizable claims,

1 the pendency of *this* action provides no basis upon which to award Plaintiff the injunctive relief
2 requested, an order directing the prison to allow him to be assisted by inmate Picart without any
3 restraints or restrictions.  <u>Steel Co.</u>, 523 U.S. at 102-103.

IV.     <u>Conclusion and Order</u>

Accordingly, Plaintiff's motion for appointment of counsel, or in the alternative injunctive relief, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   August 17, 2011**                             /s/ Sandra M. Snyder
                                                                  UNITED STATES MAGISTRATE JUDGE