# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-01153-BAM PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM AND DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(ECF Nos. 1, 4)<br><br>THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Michael Terry ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint and affidavit in support of Plaintiff's motion for a preliminary injunction and temporary restraining order, filed July 13, 2011. (ECF Nos. 1, 4.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

## II.    Plaintiff's Complaint

Plaintiff brings this action against the California Department of Corrections and Rehabilitation ("CDCR"), Director Matthew Cate; Warden Kathleen Allison; and Chief Medical Officer A. Enenmoh alleging violations of his rights under the Eighth and Fourteenth Amendments. Plaintiff's conclusory allegations of failure to receive pain medication do not state a cognizable claim under section 1983.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). For *each* defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. Iqbal, 129 S. Ct. at 1949-50; Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Here, Plaintiff is attempting to bring suit against prison officials based upon the position they hold within the prison system, and he has not linked the named defendants to any viable claims for relief arising out of the violation of Plaintiff's federal rights. Plaintiff's vague allegations simply do not demonstrate a violation of any right by the defendants.

Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies

described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

## II.  Legal Standards

### A.  Defendant Liability

Plaintiff may not bring suit against the CDCR or against Defendants in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

Further, government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must set forth sufficient factual allegations to link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### B.  Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which

1 he could make an inference that "a substantial risk of serious harm exists" and he must make the
2 inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

### C. Failure to Protect

Prison officials are required to take reasonable steps to protect inmates from physical harm. Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

### D. Due Process

Plaintiff alleges that he informed "Defendants" by filing inmate grievances. The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Further, there is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley, 997 F.2d at 495.

### D. Amended Complaint

In his amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes. (See Form Complaint, § IV, enclosed with this order.) Plaintiff shall separate his claims, so that it is clear what his claims are and who the defendants involved are. Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights.

Plaintiff is advised that he may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George

1  v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants
2  so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and
3  occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin
4  v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North
5  America, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under
6  Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule
7  18(a), which permits the joinder of multiple claims against the same party.

### III.     Motion for a Preliminary Injunction and Temporary Restraining Order

9  Plaintiff brings a motion for injunctive relief requiring that he be provided with adequate pain
10 management and protection from injuries.  When an inmate seeks injunctive or declaratory relief
11 concerning the prison where he is incarcerated, his claims for such relief become moot when he is
12 no longer subjected to those conditions.  Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley
13 v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).
14 Since Plaintiff is no longer incarcerated, the injunctive relief he is seeking is moot.  Accordingly,
15 Plaintiff's motion for injunctive relief is denied.

### VI.     Conclusion and Order

17 For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for
18 a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within
19 thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the
20 nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507
21 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

22 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
23 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
24 Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the
25 duties and responsibilities of each individual defendant whose acts or omissions are alleged to have
26 caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although
27 accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
28 speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed July 13, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Plaintiff's motion for a preliminary injunction and temporary restraining order is denied as moot;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 2, 2012**                      /s/ **Barbara A. McAuliffe**
                                                  UNITED STATES MAGISTRATE JUDGE